

United States Department of Justice

*United States Attorney*
*Northern District of New York*

| | |
|---|---|
| *100 South Clinton Street, P.O. Box 7198* | *Tel.: (315) 448-0672* |
| *James M. Hanley Federal Building* | *Fax: (315) 448-0646* |
| *Syracuse, New York 13261-7198* | |

March 27, 2015

Lawrence K. Baerman,
Clerk of the Court
District Court Clerk's Office
Federal Building and U.S. Courthouse
P.O. Box 7367
Syracuse, New York 13261-7367

                           In re: United States v. Joseph Jenkins
                           Civil Action No. 6:15-CV-0018 (GTS/TWD)

Dear Mr. Baerman:

      I am writing in reference to the text order dated March 10, 2015, in the above-captioned matter which requires plaintiff to file a response to the motion for injunction filed by defendant on or before March 27, 2015. In this regard, the following is submitted.

**I.**      **Preliminary Statement.**

      The United States filed a Writ of Garnishment upon the Judgment entered on November 12, 2014 in criminal case number 5:11-CR-000602-001, against defendant in the amount of $52,200.00. The application for Writ of Garnishment was granted by Judge Dancks on January 9, 2015. The garnishee, Ameriprise Financial, submitted an answer which indicated that it was holding two (2) accounts in the approximate total value of $57,000.00 belonging to defendant. Defendant submitted an objection to the garnishment which contained a request for an injunction, enjoining the enforcement of the Judgment.

      The United States submits this reply in support of its position that it is entitled to enforce the Writ of Garnishment. In addition, the Court lacks authority to modify the Judgment as defendant failed to request a stay pursuant to Federal Rule of Appellate Procedure 8 and, furthermore, a request for an injunction against enforcement of the Judgment is currently pending before the U.S. Court of Appeals for the Second Circuit.

Letter to Lawrence K. Baerman
United States v. Joseph Jenkins
Civil Action No. 6:15-CV-0018
March 27, 2015
Page 2

## II.    Background.

Defendant was arrested on October 4, 2011, and detained following a detention hearing. On December 21, 2011, he was indicted on one (1) count of transportation of child pornography – 18 U.S.C. § 2252(A)(a)(1), and one (1) count of possession of child pornography – 18 U.S.C. § 2252(A)(a)(5). Following a trial, plaintiff was convicted on February 6, 2014 of the above-referenced counts – transportation of child pornography and possession of child pornography. Judgment was entered by the District Court on November 12, 2014, in which defendant was sentenced to imprisonment of 225 months, a special assessment of $200.00, a fine of $40,000.00, and restitution in the amount of $12,000.00 (which amount represented $3,000.00 for each of the four victims). Payment of the assessment, fine, and restitution was due in full immediately, and defendant was additionally required to pay interest on the fine and restitution amounts.

On or about November 18, 2014, defendant filed a notice of appeal of his conviction and judgment ordering the payment of fines, restitution, and forfeiture (See 11-CR-000602-001, Dkt. No. 192). Defendant did not file a motion for stay or injunction pending appeal with the District Court, pursuant to Fed. R. App. P. 8. However, in his appeal to the United States Court of Appeals for the Second Circuit, No. 14-4295, defendant filed a motion for injunction against enforcement of the District Court Judgment (Dkt. No. 24).

On January 31, 2014, defendant was charged in a criminal complaint with a violation of 18 U.S.C. § 1621(2), perjury (14-CR-0088, Dkt. No. 1). The underlying basis for the criminal complaint was the submission by defendant of a false statement on Criminal Justice Act Form 23, in failing to list various investment/brokerage accounts and other assets. On March 5, 2014, defendant was indicted for a violation of 18 U.S.C. § 1621(2), perjury, for submitting a financial affidavit – Criminal Justice Act Form 23, knowing it was false, in that he had substantially more assets than he declared. It is believed that the trial in this matter is scheduled for March 30, 2015.

On January 6, 2015, the United States filed an application and proposed order for Writ of Garnishment (15-CV-0018, Dkt. No. 1). An order approving the application for Writ of Garnishment to Ameriprise Financial was approved by the Court on January 9, 2015 (Dkt. No. 2). A Writ of Garnishment was issued, and the Writ of Garnishment was served upon Ameriprise Financial. Defendant filed an affidavit in opposition to the Writ of Garnishment on February 9, 2015 (Dkt. No. 7), alleging in part that his conviction on the underlying case was a "sham litigation" as it invaded the jurisdiction of a Canadian Court case, involved the tampering of evidence, and violated his privacy rights. Defendant further requested an injunction pursuant to Fed. R. Civ. P. 62(c), against the enforcement of the judgment entered by the District Court, as it was obtained under the "fraud on court" doctrine of Fed. R. Civ. P. 60.

On February 12, 2015, the garnishee – Ameriprise Financial, answered, indicating that it held two (2) accounts in the respective amounts of $31,617.25 and $25,383.51, in which defendant maintained an interest (Dkt. No. 8).

Letter to Lawrence K. Baerman
United States v. Joseph Jenkins
Civil Action No. 6:15-CV-0018
March 27, 2015
Page 3

On March 18, 2015, defendant filed a letter (Dkt. No. 10), requesting that his opposition (Dkt. No. 7) be addressed in the United States Court of Appeals for the Second Circuit.

### III. Argument.

#### A. Fed. R. App. 8.

Fed. R. App. P. 8, entitled Stay or Injunction Pending Appeal, provides that a party must ordinarily first move in the district court for a stay of the judgment or order of a district court pending appeal. (Fed. R. App. P. 8(a)(1)(A)). Fed. R. App. P. 8, additionally provides that a motion for relief under Rule 8(a)(1), may be made to the Court of Appeals, but the motion must show that moving first in the District Court would be impractical, and the motion must include the reasons for granting the relief requested and the facts relied on. (Fed. R. App. P. 8(a)(2)(A)(i) and (B)(i)).

Here, defendant failed to seek a stay from the District Court as required by Fed. R. Civ. P. 8(a)(1). As a result, he cannot now request that this Court enjoin the enforcement of the judgment issued by the District Court. *In re High*, 962 F.2d 6, 6 (4th Cir. 1992).

#### B. Lack Of Jurisdiction To Entertain Defendant's Request For An Injunction.

Generally, "the filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) *citing Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also Montgomery v. United States*, 2013 WL 938039 at *1 (N.D.N.Y. 2013); *Mitrione v. Monroe*, 2009 WL 2485825 at *2 (N.D.N.Y. 2009); and *Caidor v. Fed – Ex Home Delivery*, 2007 WL 2693609 at *5 (N.D.N.Y. 2007).

Here, defendant filed a notice of appeal, appealing his conviction and judgment, including that portion of the judgment imposing restitution, fines, and forfeitures (See 11-CR-000602, Dkt. No. 192). In addition, in his appeal to the Second Circuit, defendant filed a motion for injunction against enforcement of the District Court judgment (See 14-4295, Dkt. No. 24). As a result, the District Court lacks jurisdiction to grant defendant's request for an injunction in this pending matter, as he is currently seeking this relief in the Second Circuit.

Moreover, the fact that enforcement of the Judgment may make a portion of defendant's appeal moot, is of no moment, as defendant failed to request a stay before the District Court. *See In re Chateaugay Corp.*, 988 F.2d 322, 325 (2d Cir. 1993).

Letter to Lawrence K. Baerman
United States v. Joseph Jenkins
Civil Action No. 6:15-CV-0018
March 27, 2015
Page 4

### Conclusion

      For the reasons discussed, the District Court lacks jurisdiction to entertain defendant's request for an injunction, staying enforcement of the Writ of Garnishment.

Dated: March 27, 2015                            Respectfully submitted,

                                                      RICHARD S. HARTUNIAN
                                                      United States Attorney

                                    By:    /s/ William F. Larkin
                                                  William F. Larkin
                                                  Assistant United States Attorney
                                                  Bar Roll No. 102013

cc:      Joseph Jenkins
          Inmate No. 28190
          Oneida County Jail
          6075 Judd Road
          Oriskany, NY 13424

          Stephanie M. Carvlin, Esq.