UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                             Plaintiff,

                                                                                                       6:15-CV-0018
v.                                                                                                  (GTS/TWD)

JOSEPH JENKINS,

                                             Defendant.
_____

APPEARANCES:                                                    OF COUNSEL:

HON. RICHARD S. HARTUNIAN                    WILLIAM F. LARKIN, ESQ.
United States Attorney for the
 Northern District of New York
*Counsel for the United States*
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198

JOSEPH JENKINS, 28190
Defendant pro se
Oneida County Jail
6075 Judd Road
Oriskany, New York 13424

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This matter was referred to the undersigned for report and recommendation by the Honorable Glenn T. Suddaby, United States District Judge. (Dkt. No. 12.) The United States has obtained a writ of garnishment against Defendant's assets held by garnishee Ameritrade Financial. (Dkt. No. 3.) Defendant objects to the writ. (Dkt. No. 7.) For the reasons discussed below, I recommend that the Court overrule Defendant's objections to enforcement of the writ.

I.       **FACTUAL AND PROCEDURAL SUMMARY**

On February 6, 2014, Defendant was convicted, after a jury trial, of one count of transportation of child pornography and one count of possession of child pornography. *United States v. Jenkins*, Case No. 5:11-CR-0602 (GTS), Dkt. No. 151. On November 12, 2014, Defendant was sentenced to a term of imprisonment of 225 months, 25 years of supervised release, $12,000 in restitution, a $200 special assessment, and a fine of $40,000. *Id.* at Text Min. Entry Nov. 12, 2014. Judgment was entered on November 18, 2014. *Id.* at Dkt. No. 189.

Defendant filed a Notice of Appeal on November 18, 2014. *United States v. Jenkins*, Case No. 5:11-CR-0602, Dkt. No. 192. He filed the appeal on November 19, 2014, and it was assigned Second Circuit Case No. 14-4295.

On January 6, 2015, the United States commenced this civil case by applying for a writ of garnishment against Defendant's assets at Ameriprise Financial to satisfy the criminal judgment. *United States v. Jenkins*, No. 6:15-CV-0018, Dkt. No. 1. The Court issued the writ on January 9, 2015. *Id.* at Dkt. No. 3. The Clerk notified Defendant of the writ and advised him that he had "a right to ask the court to return [the] property . . . if [he did] not owe the money to the Government that it claims [he did]." *Id.* at Dkt. No. 4.

On February 9, 2015, Defendant filed an objection to the writ of garnishment. *United States v. Jenkins*, No. 6:15-CV-0018, Dkt. No. 7. Defendant objected to the government and the Court "attempting to enforce the judgment . . . pending outcome of the appeal" and stated that his criminal conviction was the result of "sham litigation." *Id.* Defendant requested a "(Rule 62(c))[1]

---

[1] Federal Rule of Civil Procedure 62 allows for a stay of enforcement pending appeal of "an interlocutory order or final judgment that grants, dissolves, or denies an injunction." Fed. R. Civ. P. 62(c). Defendant is not challenging a civil order that grants,

Injunction pending the appeal of the final judgment and order on case (6:15-CV-0018) against the enforcement of a United States judgment." *Id.*

Defendant's objection is now before the Court. (Dkt. No. 7.) The government has responded to the objection. (Dkt. No. 11.)

## II. ANALYSIS

Defendant objects to the writ of garnishment. (Dkt. No. 7.) The party objecting to a writ of garnishment must state the grounds for the objection and bears the burden of proving such grounds. 28 U.S.C. § 3205(c)(5) (2006). The court "shall hold a hearing within 10 days after the date the request is received by the court, or as soon thereafter as is practicable." *Id.*

> The issues at such hearing shall be limited–(1) to the probable validity of any claim of exemption by the judgment debtor; (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to hearing on the issue, to– (A) the probable validity of the claim for the debt which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment.

28 U.S.C. § 3202(d). If the judgment debtor fails to "set forth a colorable claim" regarding one of these issues, no hearing is warranted. *See United States v. Miller*, 588 F. Supp. 2d 789, 804 (W.D. Mich. 2008);[2] *United States v. First Bank & Trust of E. Tex.*, 477 F. Supp. 2d 777, 782-83 (E.D. Tex. 2007).

---

dissolves, or denies an injunction. Rather, he is challenging his criminal conviction and sentence. Thus, Rule 62 is inapplicable here.

[2] One of the two versions of this decision available on Lexis contains only the district court's opinion. The "colorable claim" language appears in the magistrate judge's report and recommendation, available in the second version on Lexis. Only the version with the relevant language is available on Westlaw.

Here, Defendant has filed written objections to the writ of garnishment. (Dkt. No. 7.) However, Defendant has not set forth a colorable claim entitling him to a hearing. Defendant has not asserted that the property is exempt from garnishment. He has not argued that the government failed to comply with any statutory requirement for the issuance of a writ of garnishment. Rather, Defendant argues that the judgment against him was "obtained under 'Fraud on Court' doctrine." (Dkt. No. 7 ¶ 4.) The judgment against Defendant was not obtained by default, so Defendant is not entitled to a hearing on the probable validity of the claim or the existence of good cause for setting aside the judgment. Therefore, it is recommended that the Court overrule Defendant's objection to the writ of garnishment.

The Court notes that the docket for Defendant's criminal case does not reflect that he ever moved pursuant to Federal Rule of Criminal Procedure 38 for a stay of enforcement of the judgment of conviction pending appeal. *United States v. Jenkins*, Case No. 5:11-CR-0602. Defendant did make two such requests to the Second Circuit, but the Court of Appeals has not yet acted on those requests. *United States v. Jenkins*, Case No. 14-4205, Dkt. Nos. 24 and 44. The undersigned expresses no opinion on whether or not this Court would have jurisdiction to consider a Rule 38 motion filed in Defendant's criminal case. *Compare United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)) ("the filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal") *and Rakovich v. Wade*, 834 F.2d 673, 673-74 (7th Cir. 1987) (citing, *inter alia*, United *States v. El-O-Pathic Pharmacy*, 192 F.2d 62 (9th Cir. 1951)) (trial courts have a long established right "to make orders appropriate to

preserve the status quo" while the case is pending in the appellate court).

**WHEREFORE**, it is hereby

**RECOMMENDED** that the Court overrule Defendant's objection (Dkt. No. 7) to the writ of garnishment.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: June 4, 2015
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge