UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

       Plaintiff,     6:15-CV-0018
               (GTS/TWD)

v.

JOSEPH JENKINS,

       Defendant.
_____

APPEARANCES:           OF COUNSEL:

HON. RICHARD S. HARTUNIAN     WILLIAM F. LARKIN, ESQ.
U.S. Attorney for the Northern District of New York Assistant U.S. Attorney
 Counsel for the United States
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198

JOSEPH JENKINS, No. 28190
 Defendant, *Pro Se*
Oneida County Jail
6075 Judd Road
Oriskany, New York 13424

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

   Currently before the Court, in this application for a writ of garnishment under 28 U.S.C. § 3205(b)(1), are Defendant's objection to the writ of garnishment, United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that the Court overrule Defendant's objection to the writ of garnishment, and Defendant's Objections to that Report-Recommendation. (Dkt. Nos. 13, 14.) For the reasons set forth below, the Report-Recommendation is accepted, and Defendant's objection to the writ of garnishment is overruled.

I.    **RELEVANT BACKGROUND**

Because Magistrate Judge Dancks correctly summarized the factual and procedural history of this action in Part I of her Report-Recommendation and the parties do not object to that summary, the Court will not recite that information in this Decision and Order, which is intended primarily for the review of the parties; rather, the Court will respectfully refer the reader to Part I of the Report-Recommendation. (Dkt. No. 13, at 2-3.)

Generally, in her Report-Recommendation, Magistrate Judge Dancks rendered the following findings of fact and conclusions of law: (1) if a party objecting to a writ of garnishment fails to set forth a colorable claim regarding one of the three issues identified in 28 U.S.C. § 3205(c)(5), the Court need not hold a hearing with regard to the objection; (2) here, because Defendant does not (in his written objections to the writ of garnishment) set forth a colorable claim regarding one of the three issues identified in 28 U.S.C. § 3205(c)(5), he is not entitled to a hearing and his objection should be overruled; and (3) while Plaintiff never moved in the district court for a stay of enforcement of the judgment of conviction pending appeal, he did subsequently make two such requests in the Second Circuit (which have not yet been decided), and the Report-Recommendation expresses no opinion on whether or not this Court would have jurisdiction to consider such a motion now. (Dkt. No. 13.)

Generally, in his Objections to the Report-Recommendation, Defendant asserts the following three arguments: (1) the United States did not possess jurisdiction to enter a criminal judgment against him because there was pending, at the time, a previously filed criminal proceeding in a Canadian court; (2) the appeal that Defendant filed on November 18, 2014, from the criminal judgment issued on that same date deprives the Court of jurisdiction over the United

States' application for a writ of garnishment filed on January 6, 2015, which is intended to satisfy that judgment; and (3) the standard for an injunction is satisfied because he is likely to prevail on the merits of his case (for the first reason set forth above), and there exist sufficiently serious questions going to the merits to make them a fair ground for litigation, taken together with a balance of hardships tipping decidedly toward him (because the retirement funds that are sought to be garnished are not connected to any alleged wrongdoing and are needed by him to retain the counsel of his choice). (Dkt. No. 14.) In addition, Defendant attempts to adduce a supporting "affidavit" that asserts, *inter alia*, that the public defender representing him at trial "neglected" to file a motion for a stay of the enforcement of the judgment against him. (Dkt. No. 14, at 7, ¶ 4.)

## II.     STANDARD GOVERNING REVIEW OF A REPORT-RECOMMENDATION

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further

---

[1]     *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

3

evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee

---

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

## III. ANALYSIS

After carefully considering the matter, the Court accepts and adopts the findings and conclusions rendered by Magistrate Judge Dancks for the reasons stated in her Report-Recommendation. To those reasons, the Court adds only three points.

First, in his Objections, Defendant does not set forth any *specific* objection to a portion of a Magistrate Judge Dancks' Report-Recommendation. Moreover, Defendant's deprivation-of-jurisdiction argument could have been, but was not, presented to Magistrate Judge Dancks in the first instance. (*Compare* Dkt. No. 14, at 2-3 [Objection to Report-Recommendation] *with* Dkt. No. 7 [Objection to Writ of Garnishment].) As a result, the Magistrate Judge Dancks' Report-Recommendation need be subjected to only a clear-error review, which it easily survives.

Second, Defendant's attempt to adduce an affidavit during the Objection phase of this proceeding fails for two alternative reasons: (a) as an initial matter, his "affidavit" is neither notarized nor verified pursuant to 28 U.S.C. § 1746; and (b) in any event, he has not shown that the "affidavit" could not have been presented to Magistrate Judge Dancks before she issued her Report-Recommendation (*see, supra,* Part II of this Decision and Order).

Third, even if the Court were to subject Magistrate Judge Dancks' Report-Recommendation to *de novo* review (which it declines to do, as a threshold matter), it would find that the Report-Recommendation survives that review. In support of his argument that the Court has been deprived of jurisdiction, Plaintiff appears to rely on *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), wherein the Supreme Court stated that "the filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."

(Dkt. No. 14, at 2-3.) In *Griggs*, the Supreme Court was addressing only the *general* rule. *See, e.g., Lindsey v. Clark*, 12-CV-0923, 2014 WL 5817010, at *2 (W.D. Wis. Nov. 10, 2014) (referring to the language from Griggs as "the general rule," and explaining that, "[h]owever, the district court retains jurisdiction over 'ancillary questions' that are not the matters appealed"). The *particular* rules in this circumstance are set forth in Fed. R. App. P. 8(c) and Fed. R. Crim. P. 38(c),(e), which, rather than providing that a district court is automatically deprived of jurisdiction upon the filing of an appeal, provide that a stay of a sentence to pay a fine or restitution pending an appeal may be obtained only if certain requirements are met (none of which have been met in this case).[5] As a magistrate judge in the District of North Dakota observed,

> [T]he federal courts have long held that parties may proceed to execute upon a monetary judgment notwithstanding a pending appeal of the judgment–a rule that is applied in both civil and criminal cases. . . . In fact, the ability to execute upon a monetary judgment notwithstanding a pending appeal is implicitly recognized by . . . Fed. R. Crim. P. 38(c) & (e), which provide civil and criminal judgment debtors, respectively, the opportunity to seek a stay of enforcement of the judgment, or other appropriate relief, pending appeal. . . . The federal courts have also long considered execution of a civil or criminal judgment to be an ancillary proceeding such that the district courts are not divested of jurisdiction by the filing of an appeal and are free to issue orders in aid of execution that has not been stayed. . . . Thus, even if Kieffer is challenging on appeal the criminal judgment, the entitlement to restitution, and/or the restitution amount, this court may continue to exercise jurisdiction over collateral

---

[5] For example, one of these requirements is that, before moving for a stay in the Second Circuit, Defendant has unsuccessfully moved for a stay in this Court or can show that such a motion would have been impracticable. The Court notes that this requirement applies regardless of whether the Court treats the relevant proceeding as civil in nature because that is the proceeding in which enforcement is sought (in which case Fed. R. Crim. P. 8[a][2] would apply) or criminal in nature because that is the proceeding in which an appeal was taken (in which case Fed. R. App. P. 8[c], would refer the Court to Fed. R. Crim. P. 38[c],[e], which would in turn refer the Court back to Fed. R. App. P. 8[a][2]).

7

> matters not directly involved in the appeal, including, here, the issuance of orders with respect to the application for garnishment.

*United States v. Kieffer*, 08-CR-0054, 2010 WL 2231806, at *3-4 (D. N.D Apr. 28, 2010), *adopted by* 2010 WL 2231804 (D. N.D. May 28, 2010).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 13) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's objection to the writ of garnishment (Dkt. No. 7) is **OVERRULED**.

Dated: August 25, 2015
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge